1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JAMES D. SHACK,                          No.  2:14-cv-0539 DAD

12            Plaintiff,

13        v.                                  ORDER

14  CAROLYN W. COLVIN, Commissioner
    of Social Security,
15

16            Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19  defendant's motion to dismiss.[1]  For the reasons explained below, defendant's motion is granted

20  and this matter is closed.

21                                BACKGROUND

22        According to the briefing filed by the parties, in August of 1997, plaintiff was granted

23  Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act").  (Epps

24  Declaration (Dkt. No. 13-1) at 2.[2])  "While on Social Security, plaintiff was arrested and charged

25  _____

26  [1]  Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant
    to 28 U.S.C. § 636(c).  (See Dkt. Nos. 3 & 10.)

27
    [2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
28  system and not to page numbers assigned by the parties.

1  with murder by the District Attorney for San Diego County." (Compl. (Dkt. No. 1) at 2.)  In

2  March of 2004, the Social Security Administration ("SSA") suspended plaintiff's benefits "due to

3  a court order confining Plaintiff after a finding that he was not guilty by reason of insanity and

4  was incompetent to stand trial." (Def.'s MTD (Dkt. No. 13) at 2.) On May 4, 2004, plaintiff

5  notified the SSA's San Diego field office that he would be "under observation" for three years at

6  the California Department of State Hospitals-Patton. (Id.) Plaintiff requested an appeal form but

7  the SSA did not respond to plaintiff's request. (Compl. (Dkt. No. 1) at 2-3.)

8          "Four and one half years after the Social Security Administration stopped paying plaintiff

9  . . . plaintiff was convicted" on October 17, 2008. (Id. at 3.) On January 5, 2014, plaintiff "wrote

10  the [SSA] a 'Claim for back payment of social security entitlements the SSA wrongfully

11  terminated.'" (Id.) When plaintiff received no response, he mailed the same letter to four SSA

12  field offices. (Id.) Plaintiff has not received any response from the SSA. (Id. at 4.)

13          Plaintiff then filed the complaint in this action on February 24, 2014. (Dkt. No. 1.) On

14  September 8, 2014, defendant filed the motion to dismiss pursuant to Federal Rule of Civil

15  Procedure 12(b)(1) now pending before the court. (Dkt. No. 13.) Plaintiff filed an opposition to

16  that motion on December 22, 2014. (Dkt. No. 16.)

17                                        LEGAL STANDARD

18          Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

19  motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

20  claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may

21  either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

22  existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

23  594 F.2d 730, 733 (9th Cir. 1979).

24          When a party brings a facial attack to subject matter jurisdiction, that party contends that

25  the allegations of jurisdiction contained in the complaint are insufficient on their face to

26  demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

27  (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

28  similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes,

23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

## APPLICATION

Defendant's motion to dismiss argues that plaintiff failed to appeal the 2004 decision by the SSA to suspend his benefits due to his confinement. (Def.'s MTD (Dkt. No. 13) at 2.) Defendant has supported its motion with a declaration from Krista Epps, Acting Chief of Court Case Preparation and Review, Branch 1 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, who declares that "[t]here is no record of any appeals by the plaintiff." (Epps Decl. (Dkt. No. 13-1) at 3.) In light of this record, defendant argues that plaintiff has failed to exhaust his administrative remedies. Plaintiff does not dispute that administrative remedies have not been exhausted, but instead argues that the defendant failed to respond to his requests to exhaust his administrative remedies. (Pl.'s Opp.'n (Dkt. No. 16) at 6.)

The Social Security Act provides for judicial review of agency actions regarding benefits under Title II of the Social Security Act. 42 U.S.C. § 405(g); Subia v. Comm'r of Soc. Sec., 264 F.3d 899, 902 (9th Cir. 2001); McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000). Judicial

1  review of an administrative decision under 42 U.S.C. § 405(g) may be obtained only after (1) the

2  claimant has been party to an administrative hearing held by the Commissioner, and (2) the

3  Commissioner has made a final judgment on the claim.  See McNatt, 201 F.3d at 1087; Bass v.

4  Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1988).  "A claimant's failure to exhaust the

5  procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of

6  jurisdiction."  Id.

7       A final judgment consists of two elements:  the presentment of a claim to the

8  Commissioner and the exhaustion of administrative remedies.  Johnson v. Shalala, 2 F.3d 918,

9  921 (9th Cir. 1993).  The presentment requirement is jurisdictional and cannot be waived, but the

10  exhaustion requirement is not jurisdictional, and thus is waivable.  Id.; Briggs v. Sullivan, 886

11  F.2d 1132, 1138-1139 (9th Cir.1989); Cassim v. Bowen, 824 F.2d 791, 794 (9th Cir. 1987);

12  Hironymous v. Bowen, 800 F.2d 888, 894 (9th Cir. 1986).  The "presentment requirement is

13  satisfied when an individual makes a claim for benefits, and the [Commissioner] determines that

14  the claimant meets the eligibility requirements for those benefits."  Briggs, 886 F.2d. at 1139.

15  Presentment can also "be fulfilled by contesting tentative agency determinations."  Cassim, 824

16  F.2d at 794.  A district court will waive the final decision's exhaustion element "if, and only if,

17  the claimant satisfies a three-part test:  the claim at issue must be (1) collateral to a substantive

18  claim of entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought

19  will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one

20  whose resolution would not serve the purposes of exhaustion (futility)."  Johnson, 2 F.3d at 921;

21  Bass, 872 F.2d at 833; Cassim, 824 F.2d at 795.  A claim is collateral "if it is not essentially a

22  claim for benefits."  Johnson, 2 F.3d at 921.  A claim is colorable if there is a reasonable showing

23  'of irreparable injury . . . that is not wholly insubstantial, immaterial or frivolous."  Id.  "The mere

24  allegation of a substantive due process violation is not sufficient to raise a 'colorable'

25  constitutional claim to provide subject matter jurisdiction."  Hoye v. Sullivan, 985 F.2d 990, 992

26  (9th Cir. 1992).

27       Here, it is undisputed that plaintiff's claim has not been exhausted.  Moreover, plaintiff's

28  claim is clearly one for benefits and thus "is not collateral to his substantive claim of entitlement,

4

but rather directly concerns his substantive claim . . . . . [and] administrative proceedings would not be futile . . . but would be necessary in order to establish a detailed factual record and permit the agency to apply its expertise." Bass, 872 F.2d at 833.  See also Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003) ("administrative review could fix the alleged errors and the purposes of exhaustion would not be served by waiver"); Fournier v. Sebelius, 839 F.Supp.2d 1077, 1085 (D. Ariz. 2012) ("A complaint is not collateral if it directly concerns the substantive claim for benefits."); cf. Davis v. Astrue, 513 F.Supp.2d 1137, 1146 (N.D. Cal. 2007) ("Because plaintiff is attempting to overturn SSA policies and regulations . . . a detailed administrative record regarding the facts of plaintiff's individual benefit claim would not assist the court in assessing the merits of plaintiff's contentions.").

Accordingly, defendant's motion to dismiss must be granted.[3]  See Theede v. United States, 489 Fed. Appx. 182, 182 (9th Cir. 2012) ("The district court properly dismissed Theede's claims against the Social Security Administration and the Department of Health and Human Services because it is clear from the face of the complaint that Theede failed to exhaust

_____

[3]  The court is cognizant of plaintiff's allegations that he repeatedly wrote to the SSA attempting to appeal the suspension of benefits and received no response, although defendant has presented evidence that it never received any such request from plaintiff.  Nonetheless, because the exhaustion requirement at issue here "is a statutorily specified jurisdictional prerequisite" it is "something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility." Weinberger v. Salfi, 422 U.S. 749, 766 (1975).  See also Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000) ("Insofar as § 405(h) prevents application of the 'ripeness' and 'exhaustion' exceptions, i.e., insofar as it demands the 'channeling' of virtually all legal attacks through the agency, it assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions case by case."); Humana of South Carolina, Inc. v. Califano, 590 F.2d 1070, 1078 (D.C. Cir. 1978) ("Congress has made the judgment that the Secretary in the first instance must decide whether any administrative relief is forthcoming").  Plaintiff is advised that, in the event he were to pursue exhaustion, he should maintain detailed records of his efforts.  See generally Kildare, 325 F.3d at 1084 ("Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if:  (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."); McNatt, 201 F.3d at 1087 ("[i]t would be curious indeed if the Secretary could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing").

administrative requirements and obtain a final agency decision.")[4]; <u>Bass</u>, 872 F.2d at 833 ("A

claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. §

405(g), deprives the district court of jurisdiction.").

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 13) is granted;

2.  Plaintiff's complaint is dismissed without prejudice; and

3.  This action is closed.

Dated:  August 7, 2015

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\shack0539.ord.docx

---

[4]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).